**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WELLS FARGO BANK, | * | |
| NATIONAL ASSOCIATION | * | |
| | * | |
| v. | * | Civil No.  RWT 13-3785 |
| | * | |
| GLOBAL RESEARCH | * | |
| SERVICES, LLC, et al. | * | |

**REPORT AND RECOMMENDATION**

Following an entry of judgment by confession, ECF No. 5, the court vacated the portion of the judgment which awarded attorney's fees in the amount of $205,624.86, and granted Plaintiff leave to apply for an award of attorney's fees.  ECF No. 20.  Plaintiff's motion for attorney's fees, ECF No. 21, has been referred for a Report and Recommendation.  ECF No. 24.  The matter is fully briefed and no hearing is necessary.  For the reasons that follow, I recommend that attorney's fees and costs in the amount of $102,315.55 be awarded.[1]

The first issue presented is Plaintiff's claimed entitlement to a 15% fee.  The contract underlying this dispute provides, in the event of a confessed judgment, for an award of "costs of collection and attorneys' fees in an amount equal to 15% of the Obligations then outstanding (which shall be deemed reasonable attorneys' fees for the purposes of this paragraph)."  ECF No. 1-2 at 4, 1-5 at 4, and 1-7 at 8-9.  The parties agree that in this diversity case, the law of Maryland governs Plaintiff's right to recover attorney's fees.  ECF No. 21-1 at 8, ECF No. 22 at 3.

---

[1] The parties are hereby advised of the provisions of Section 636(b)(1) of Title 28 of the United States Code, which allows any party to file written objections to this Report and Recommendation within fourteen days after being served with a copy.  A judge will then conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made.

Maryland law limits attorney's fee awards to the reasonable fees actually incurred, regardless of a contractual provision to the contrary. *SunTrust Bank v. Goldman*, 201 Md. App. 390, 401 (2011). Plaintiff attempts to distinguish *SunTrust* on the basis that the fee provision there provided for 15% "or reasonable fees as allowed by law," *id.* at 394, arguing that no such alternative appears in the fee provision here. However, the *SunTrust* Court's ruling was not based on the alternative fee provision but rather on its view that a fee provision is in the nature of an indemnity agreement, requiring that the award be based on the amount of fees actually paid. *Id.* at 398. Courts in this District have relied on *SunTrust* to limit contractually negotiated fee awards to the amount of fees actually incurred, regardless of any contractual provision for a greater amount. *Pennington Partners, LLC v. J-Way Leasing, LLC*, No. RDB 11-972, 2012 WL 527661, at *2 (D. Md. February 17, 2012); *see also Synergics Energy Servs., LLC v. Algonquin Power Fund, Inc.*, *(Am.)*, *Inc.*, No. ELH 13-2257, 2014 WL 2812230 at *21 n.12 (D. Md. June 20, 2014) (noting that "[e]ven in the absence of a contract term limiting recovery to reasonable fees, trial courts are required to read such a term into the contract and examine the prevailing party's fee request for reasonableness") (quoting *Myers v. Kayhoe,* 391 Md. 188, 207 (2006)). Accordingly, Plaintiff may recover only those fees actually and reasonably incurred.

Plaintiff's evidence, an affidavit from its counsel accompanied by a chart summarizing counsel's billing records and a chart summarizing the costs incurred, indicates fees incurred in the amount of $145,047.00 and costs in the amount of $3,073.05. ECF No. 21-2, 21-3, and 21-4. Defendants point out that they had previously paid some of these fees[2] and claim entitlement to deduct that amount. ECF No. 22 at 4-5. They contest the reasonableness of specific fees, claiming that certain entries should be discounted 50%, *id.* at 11, others should be eliminated for

---

[2] Defendants claim that the sum of the total payments is $38,305.75, but the correct amount is $37,102.85. *See* ECF No. 23 at 2 n.1.

vagueness, *id.* at 12, others appear unrelated to this matter, and the hours claimed for preparation of the fee petition should be reduced by 30%. *Id*. at 13. In reply, Plaintiff agrees to the reductions requested by Defendants, and accordingly reduces its total fee request by $45,804.50. ECF No. 23 at 3. In sum, the parties are now in agreement as to the amount of the reasonable fees actually incurred. Defendants do not dispute the costs incurred. Accordingly, I recommend an award of $99,242.50 in incurred fees and $3,073.05 in costs.

The parties' final dispute concerns Plaintiff's entitlement to an award of fees expected to be incurred in collecting the judgment. Plaintiff's counsel attested to estimated fees of $35,000 to $45,000, ECF No. 21-2 at ¶ 29, but Plaintiff's reply requests only the lower figure. ECF No. 23 at 4. Defendants contend that counsel's "estimate" lacks certainty and does not permit the court to determine the reasonableness of the requested future fees.

The *SunTrust* Court stated that

> the trial court should permit the requesting party to put on evidence of fees that will, *with certainty*, be incurred in addition to those actually incurred at that time. While we recognize that such proof, *requiring certainty*, will ordinarily be difficult to present at that time, our conclusion is consistent with the general rule that costs of collection are not recoverable absent a statute or public policy providing for such recovery.

201 Md. App. at 406-07 (emphasis supplied); *see also Berkley Trace*, *LLC v. Food Lion*, *LLC*, No. RDB 11-3207, 2013 WL 5718867, at *7 (D. Md. October 18, 2013) (noting that the court must examine any fee request for reasonableness and that the "burden is on the party seeking recovery to demonstrate through 'detailed records' that the fees are reasonable"). Plaintiff's request for future fees lacks both certainty and the support of detailed records. Indeed, counsel's one-sentence estimate does not indicate that any particular amount would be a reasonable fee for any projected future action, or show with any certainty that all of the projected future actions will be necessary. Accordingly, the request for future fees should be denied.

In conclusion, I recommend an award in the amount of $99,242.50 for actual fees incurred plus costs of $3,073.05, for a total award in the amount of $102,315.55.

Date: January 22, 2015                                              /s/
                                                            JILLYN K. SCHULZE
                                                            United States Magistrate Judge